IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 cr 57

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRANDON LEON WILSON. | ) | |
| | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Withdraw as Counsel of Record (#52) filed by Carol Ann Bauer, newly appointed counsel for Defendant. In the motion, Ms. Bauer states that Defendant would not cooperate with her when she went to meet with the Defendant and Defendant requested that Ms. Bauer withdraw as attorney for Defendant.

At the call of this matter on for hearing, it appeared that Defendant was present with Ms. Bauer and the Government was present through Assistant United States Attorney Tom Kent. From the statements of Ms. Bauer, the Defendant and the arguments of Ms. Bauer and the arguments of the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**. In the motion, Ms. Bauer advised the Court that Defendant had refused to discuss the Defendant's case with her and had requested that she withdraw from representation of Defendant. The undersigned conducted a sealed

1

proceeding and excluded the United States Attorney from the proceedings for the purpose of making an inquiry as to the reasons why Defendant did not wish for Ms. Bauer to represent him and to preclude the possibility that confidential communications, however short they may have been Defendant and Ms. Bauer, might be disclosed. The inquiry that was conducted with Defendant shall appear of record. As a result of the inquiry, the Court developed the opinion that Defendant had declined to communicate with Ms. Bauer and as a result of the acts of Defendant, there is a conflict between Defendant and Ms. Bauer that is so great that it may result in a total lack of communication preventing an adequate defense.

**Discussion**. An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion to withdraw as counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why Ms. Bauer has filed the Motion to Withdraw; and (3) whether or not there is such a conflict between the Defendant and Ms. Bauer that is so great it has resulted in a

total lack of communication preventing an adequate defense.  <u>United States v. Gallop</u>, 838 F.2d 105 (4th Cir. 1988).

Ms. Bauer filed her motion within nine days after she was appointed as counsel for Defendant and within four days after she attempted to meet with Defendant at the detention facility.  The Defendant has already been found guilty at a jury trial and is awaiting sentencing.  The undersigned will weigh this factor in favor of granting the motion of Ms. Bauer.

The undersigned made an inquiry as to the reasons for any conflict between the Defendant and Ms. Bauer.  The inquiry conducted by the undersigned appears in the sealed record.  Defendant has declined to discuss his case with Ms. Bauer and has requested that she move to withdraw.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Ms. Bauer and Defendant that there is a lack of communication possibly preventing an adequate defense.  The undersigned does find there is a lack of communication and it is a result of acts of the Defendant. Having considered this issue, the undersigned has determined to weigh this factor in favor of granting Ms. Bauer's motion.

After considering all of the above referenced factors, it appears that the

motion of Ms. Bauer to withdraw as counsel of record for the Defendant should be allowed.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Counsel of Record (#52) of Carol Ann Bauer is **ALLOWED**. It is also **ORDERED** that the Federal Defenders of Western North Carolina is to appoint substitute counsel to represent the Defendant in this matter. Substitute counsel will be allowed up to and including **November 14, 2014** to determine whether or not counsel wishes to be heard on the Motion for Ineffective Assistant of Counsel (#46) filed by Defendant pro se, or whether the motion should be withdrawn.

Signed: October 28, 2014

_____
Dennis L. Howell
United States Magistrate Judge