# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-57-MR-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **BRANDON LEON WILSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Judicial Declaration [Doc. 59] and Motion to Extend Time. [Doc. 60].

On August 20, 2013, the Defendant was named in a Bill of Indictment and charged with two offenses, to wit: stealing a firearm from a licensed dealer, in violation of 18 U.S.C. § 924(m), and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant was arraigned on September 18, 2013, and appeared for a jury trial on January 10, 2014. The Defendant's trial ended with a hung jury [Doc. 28-1 (sealed)] and the Court declared a mistrial on January 10, 2014. On March 4, 2014, the Defendant appeared for trial again and was convicted on both counts by a jury the same day. [Doc. 36].

On March 16, 2014, the Defendant wrote a *pro se* letter asserting, *inter alia*, that certain alleged errors may have infected his trial. [Doc. 39 (sealed)]. On September 16, 2014, the Defendant filed a *pro se* motion alleging the ineffectiveness of his trial counsel and requesting, in part, "a retrial with different counsel." [Doc. 46].

On November 13, 2014, newly appointed counsel for Defendant filed two motions. The first motion requests the Court to declare the Defendant's *pro se* filings not be deemed a petition under 28 U.S.C. § 2255. [Doc. 59]. The second motion seeks an extension of time to address the Defendant's allegations contained in his *pro se* filings. [Doc. 60].

Based upon the foregoing, the Court concludes that it should construe the Defendant's March 16, 2014, *pro se* filing [Doc. 39 (sealed)] as a timely motion for new trial under Fed.R.Crim.P. 33(b)(2). Also, the Court concludes that it should construe the Defendant's September 16, 2014, *pro se* filing [Doc. 46] as an amendment to such motion for new trial and relating back thereto. Finally, the Court concludes that it should grant the parties additional time to brief their respective positions with regard to what the Court now considers to be the Defendant's *pro se* motion for new trial.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's Motion for Judicial Declaration [Doc. 59] is **GRANTED**. The Defendant's March 16, 2014, *pro se* filing [Doc. 39 (sealed)] is hereby **ADJUDGED** a timely motion for a new trial under Fed.R.Crim.P. 33(b)(2). The Defendant's September 16, 2014, *pro se* filing [Doc. 46] is hereby **ADJUDGED** an amendment to such motion for new trial and relating back thereto.

(2) The Defendant's Motion to Extend Time [Doc. 60] is **GRANTED**. The Defendant shall have until December 15, 2014, to file any memoranda he thinks appropriate with regard to Defendant's *pro se* motion for new trial. The Government shall have until January 15, 2015, to file any response thereto.

**IT IS SO ORDERED.**

Signed: November 14, 2014

Martin Reidinger
United States District Judge