# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-57-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BRANDON LEON WILSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Stay Consideration of New Trial Motion. [Doc. 77]. In his motion, the Defendant is requesting the Court to stay its consideration of his new trial motion pending the determination of whether the Defendant satisfies the requirements 18 U.S.C. § 924(e)(1) to be sentenced as an Armed Career Criminal. The Defendant has indicated that the Government has no objection to the relief he has requested in his motion. [Id.].

## BACKGROUND

On August 20, 2013, the Defendant was named in a Bill of Indictment and charged with two offenses, to wit: stealing a firearm from a licensed dealer, in violation of 18 U.S.C. § 924(m), and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

[Doc. 1]. On September 16, 2013, the Defendant made his initial appearance and submitted a financial affidavit [Doc. 5 (sealed)] with his request for appointment of counsel. The Magistrate Judge appointed attorney Richard Cassady to represent the Defendant.[1] [Doc. 6 (sealed)]. The Defendant was arraigned on September 18, 2013, and appeared for a jury trial on January 9, 2014. The Defendant's trial ended with a hung jury on January 10, 2014 [Doc. 28-1 (sealed)], and the Court declared a mistrial. On March 3, 2014, the Defendant appeared for trial again and was convicted on both counts by a jury the following day. [Doc. 36].

On March 16, 2014, the Defendant wrote a *pro se* letter asserting, *inter alia*, that certain alleged errors may have infected his trial. [Doc. 39 (sealed)]. On September 16, 2014, the Defendant filed a *pro se* motion alleging the ineffectiveness of his trial counsel and requesting, in part, "a retrial with different counsel." [Doc. 46]. Immediately thereafter, both of Defendant's trial counsel moved to withdraw [Docs. 47 and 48] from further representing Defendant based upon Defendant's *pro se* motion. [Doc. 46].

---

[1] On December 23, 2013, attorney John T. Barrett entered an appearance on behalf of the Defendant. [Doc. 15]. Attorney Barrett noted "that he anticipates utilizing his participation in the trial of this cause as one of the three predicate trials required for attorneys on this District's CJA Training Panel and has not been privately retained." Attorneys Cassady and Barrett thereafter together represented the Defendant through both of his jury trials.

2

Following a hearing, the Magistrate Judge granted the withdrawal motions and directed that new counsel be appointed. [Doc. 50].

Attorney Carol Ann Bauer was appointed to represent Defendant on October 8, 2014. [Doc. 51 (sealed)]. She moved to withdraw nine days later. [Doc. 52]. Following a hearing, the Magistrate Judge granted Bauer's withdrawal motion and directed that new counsel be appointed. [Doc. 55]. Attorney Charles R. Brewer was appointed to represent Defendant on October 24, 2014. [Doc. 54 (sealed)].

On November 13, 2014, Brewer filed two motions. The first motion [Doc. 59] requested the Court to declare the Defendant's *pro se* motion [Doc. 46] alleging the ineffectiveness of his trial counsel not be deemed a petition under 28 U.S.C. § 2255. In support of this request, Brewer stated his desire "to make it clear that said motion will not be so treated for the reason that if it were to be deemed to be a Section 2255 motion, any subsequent Section 2255 motion would require leave of the Fourth Circuit to be filed." [Doc. 59 at 1]. Brewer's second motion [Doc. 60] sought an extension of time to address the Defendant's allegations contained in both of his *pro se* filings. [Docs. 39 (sealed) and 46]. The Court granted both of Brewer's motions. [Doc. 61]. The Court adjudged the Defendant's March 16, 2014, *pro se* filing to be a timely motion for a new trial under

3

Fed.R.Crim.P. 33(b)(2), and the Defendant's September 16, 2014, *pro se* filing to be an amendment to such motion for new trial and relating back thereto. [Id. at 3]. Further, the Court permitted Brewer "to file any memoranda he thinks appropriate with regard to Defendant's *pro se* motion for new trial." [Id.]. Brewer's present motion asks that the Court stay its consideration of the Defendant's new trial motion pending the Defendant's sentencing.

## DISCUSSION

Federal Rule of Criminal Procedure 33(a) provides, in pertinent part, that upon motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Defendant's current counsel has filed a Preliminary Memorandum in support of Defendant's Motion for New Trial. [Doc. 78]. In this Memorandum, Defendant's present counsel asserts that Defendant's trial counsel may have breached his professional obligations to the Defendant by failing to advise the Defendant of a plea offer tendered by the Government prior to the Defendant's first trial. [Id. at 2]. Further, the Memorandum alleges that Defendant's trial counsel also failed to advise Defendant, until after the Defendant's first trial, that he might satisfy the requirements of 18 U.S.C. § 924(e)(1) to be sentenced as an Armed Career Criminal upon conviction

4

following a guilty plea or jury verdict. [Id. at 3]. The Fourth Circuit has specifically approved the procedure of raising claims of ineffectiveness of counsel by way of a motion for new trial. United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000). The Defendant's Memorandum alleges two potential bases in support of a claim that Defendant's trial counsel was ineffective in representing Defendant such that he is entitled to a new trial.

The Defendant's Stay Motion, as mentioned above, requests the Court to hold in abeyance Defendant's New Trial Motion pending the determination of whether the Defendant must be sentenced as an Armed Career Criminal. [Doc. 77 at 1]. A preliminary assessment of this issue will be made by the Probation Office and documented in the Defendant's Presentence Report. In a separate request, the Defendant has filed a Motion to Secure Recorded Telephone Conversations wherein he is seeking the recorded conversations between him and trial counsel while Defendant was held in the McDowell County jail. [Doc. 74]. Defendant asserts these conversations will corroborate that his trial counsel never discussed the possibility that he a faced sentencing enhancement under 18 U.S.C. § 924(e)(1), or that the Government had extended to him a plea offer before his first trial. [Id.]. Based upon the assertions made by the

Defendant in these two motions, the Court concludes that Defendant's New Trial Motion is not ripe for consideration at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay Consideration of New Trial Motion [Doc. 77] is **GRANTED** and the Court's consideration of the Defendant's New Trial motion is hereby stayed.

**IT IS FURTHER ORDERED** that within fourteen days following the disclosure of Defendant's Presentence Report by the Probation Office, the Defendant shall file his final memorandum and any other documents he believes necessary to support his Motion for New Trial, and the Government shall have fourteen days from Defendant's service of the same to file any response thereto.

**IT IS SO ORDERED.**

Signed: January 23, 2015

Martin Reidinger
United States District Judge