# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-57-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BRANDON LEON WILSON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Secure Recorded Telephone Conversations. [Doc. 74]. In his motion, the Defendant is requesting the Court enter an order directing the Sheriff of McDowell County, North Carolina, to secure and to provide to the Defendant the recorded telephone calls between Defendant and his former counsel, attorney Rich Cassady, during the period of time the Defendant was held in the McDowell County jail. Further, the Defendant is requesting in his motion that upon receipt of such recorded calls, transcripts of the same be prepared at the Government's expense and filed under seal in this matter. [Id.]. The Defendant asserts these calls will likely disclose relevant information regarding alleged deficiencies in his former counsel's

representation of him. [Id.]. Finally, the Defendant has indicated that the Government has no objection to the relief he has requested in his motion.

Based upon the foregoing, the Court concludes it should order the McDowell County Sheriff to provide to the Defendant any recorded telephone calls between Defendant and his former counsel, attorney Rich Cassady while Defendant was held in said jail. Upon review of the record, the Court observes that the Defendant previously has been found indigent and qualified for the appointment of counsel. The Court concludes, therefore, that he is unable to pay for the expense of having a transcript prepared for the call recordings. The Court concludes further that not all such recordings may be relevant to Defendant's New Trial Motion and, therefore, defense counsel should listen to the recordings provided by the Sheriff and identify only those calls necessary to support Defendant's motion. Defense counsel should then notify the Court by motion of the recordings he has identified and explain the relevance these recordings have to his basis for seeking a new trial. Finally, the Court concludes that it should then determine which recordings may be transcribed at the Government's expense and that the transcripts of any recorded calls should then be filed under seal in this matter.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Secure Recorded Telephone Conversations [Doc. 74] is **GRANTED in part**.

**IT IS FURTHER ORDERED** that the Sheriff of McDowell County, North Carolina, secure and then provide to the Defendant's attorney any and all existing recorded telephone calls between Defendant and his former counsel, attorney Rich Cassady, during the period of time the Defendant was held in the McDowell County jail. From any recordings so provided by the McDowell County Sheriff, defense counsel shall listen to these recordings and identify only those calls necessary to support Defendant's New Trial Motion. Thereafter, defense counsel shall notify the Court by motion which recordings he contends should be transcribed and the reasons therefore. The Court shall then determine which recordings will be transcribed at the Government's expense and direct that the transcripts of any recorded calls be filed under seal in this matter.

**IT IS SO ORDERED**.

Signed: January 23, 2015

Martin Reidinger
United States District Judge