# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:13-cr-57-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRANDON LEON WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Contract for Support Personnel. [Doc. 87]. In this motion, defense counsel is requesting the Court to enter an order authorizing him to hire another attorney to listen to the numerous telephone conversations involving the Defendant and recorded by the McDowell County jail staff while the Defendant was held in that jail. Defense counsel has not explained how the contents of these calls may be relevant to any pending issue in this matter. For this reason, and the reasons that follow, the Court will deny the motion at this time.

On November 13, 2014, Defendant's present counsel filed two motions. The first motion requested the Court to declare the Defendant's pro se filings [Docs. 39 (sealed); 46] not be deemed a petition under 28 U.S.C.

§ 2255. [Doc. 59]. The second motion sought an extension of time to address the Defendant's allegations contained in his pro se filings. [Doc. 60]. With regard to the Defendant's first motion, the Court adjudged the Defendant's initial pro se filing to be a motion for new trial under Fed.R.Crim.P. 33(b)(2), and the Defendant's second pro se filing to be an amendment thereto. [Doc. 61 at 3]. The Defendant's second pro se filing raised several claims that his trial attorney provided him with ineffective legal assistance. [Doc. 46]. With regard to the Defendant's second motion, the Court granted the Defendant an extension of time "until December 15, 2014, to file any memoranda he thinks appropriate with regard to Defendant's pro se motion for new trial." [Id.].

Since then, the Defendant has sought (and obtained) Orders from the Court for, inter alia, extensions of time for him to file "any memorandum he thinks appropriate[.]" Defense counsel has not, in any of his filings, articulated the ineffective assistance of counsel basis for a new trial that he is pursuing on behalf of the Defendant. At most, defense counsel has vaguely asserted that the telephone conversations, for which he is presently seeking the assistance of another attorney, "will corroborate statements [the Defendant] has made in his affidavit and are therefore material for a consideration of the pending motion for new trial." [Doc. 74 at 1].

The appointment of counsel to assist the Defendant in what the Court has deemed to be the Defendant's Rule 33 motion is not a license for counsel to embark upon a fishing expedition. Before seeking additional resources, the Defendant will need to articulate the basis on which he is moving for a new trial and why any such resources are necessary for that purpose. Further, before any additional attorney will be appointed in this matter, current counsel will need to articulate why an attorney is needed to conduct what appears on the surface to be an entirely clerical task. Accordingly, the Court concludes that this matter should be set for hearing.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Contract for Support Personnel [Doc. 87] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that this matter shall be set for a status hearing to occur at 9:00 a.m. on May 19, 2015, before the undersigned in Asheville, North Carolina, court room number 1.

**IT IS SO ORDERED.**

Signed: April 8, 2015

Martin Reidinger
United States District Judge