# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-57-MR-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| BRANDON LEON WILSON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for New Trial. [Docs. 39 (sealed) and 46]. The Defendant has filed a Preliminary Memorandum [Doc. 78] and a second, Court-ordered Memorandum in support of his motion. [Doc. 105]. The Government also has filed a Court-ordered Memorandum [Doc. 104], opposing the Defendant's new trial motion. Each party has responded to the other's Memorandum. [Docs. 107 and 108]. Finally, the Defendant has filed a motion seeking leave to reply to the Government's response, or alternatively, seeking a hearing. [Doc. 110].

## BACKGROUND

On August 20, 2013, the Defendant was named in a Bill of Indictment and charged with two offenses, to wit: stealing a firearm from a licensed dealer, in violation of 18 U.S.C. § 924(m), and possessing a firearm after

having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On September 16, 2013, the Defendant made his initial appearance and submitted a financial affidavit [Doc. 5 (sealed)] with his request for appointment of counsel. The Magistrate Judge appointed attorney Richard Cassady to represent the Defendant.[1] [Doc. 6 (sealed)]. The Defendant was arraigned on September 18, 2013, and appeared for a jury trial on January 9, 2014. The Defendant's trial ended with a hung jury on January 10, 2014 [Doc. 28-1 (sealed)], and the Court declared a mistrial. On March 3, 2014, the Defendant appeared for trial again and was convicted on both counts by a jury the following day. [Doc. 36].

On March 16, 2014, the Defendant wrote a pro se letter asserting, inter alia, that certain alleged errors may have infected his trial. [Doc. 39 (sealed)]. On September 16, 2014, the Defendant filed a pro se motion alleging the ineffectiveness of his trial counsel and requesting, in part, "a retrial with different counsel." [Doc. 46]. Immediately thereafter, Defendant's trial counsel moved to withdraw [Docs. 47 and 48] from further representing Defendant based upon Defendant's pro se motion. [Doc. 46]. Following a

---

[1] On December 23, 2013, attorney John T. Barrett entered an appearance on behalf of the Defendant. [Doc. 15]. Attorney Barrett noted "that he anticipates utilizing his participation in the trial of this cause as one of the three predicate trials required for attorneys on this District's CJA Training Panel and has not been privately retained." Attorneys Cassady and Barrett thereafter together represented the Defendant through both of his jury trials.

hearing, the Magistrate Judge granted the withdrawal motions and directed that new counsel be appointed. [Doc. 50].

Attorney Carol Ann Bauer was appointed to represent Defendant on October 8, 2014. [Doc. 51 (sealed)]. She moved to withdraw nine days later. [Doc. 52]. Following a hearing, the Magistrate Judge granted Bauer's withdrawal motion and directed that new counsel be appointed. [Doc. 55]. Attorney Charles R. Brewer was appointed to represent Defendant on October 24, 2014. [Doc. 54 (sealed)].

On November 13, 2014, Brewer filed two motions. The first motion [Doc. 59] requested the Court to declare the Defendant's *pro se* motion [Doc. 46] alleging the ineffectiveness of his trial counsel *not* be deemed a petition under 28 U.S.C. § 2255. In support of this request, Brewer stated his desire "to make it clear that said motion will not be so treated for the reason that if it were to be deemed to be a Section 2255 motion, any subsequent Section 2255 motion would require leave of the Fourth Circuit to be filed." [Doc. 59 at 1]. Brewer's second motion [Doc. 60] sought an extension of time to address the Defendant's allegations contained in both of his *pro se* filings. [Docs. 39 (sealed) and 46]. The Court granted both of Brewer's motions. [Doc. 61]. The Court adjudged the Defendant's March 16, 2014, *pro se* filing to be a timely motion for a new trial under Fed.R.Crim.P. 33(b)(2), and the

3

Defendant's September 16, 2014, *pro se* filing to be an amendment to such motion for new trial and relating back thereto. [Id. at 3]. Further, the Court permitted Brewer "to file any memoranda he thinks appropriate with regard to Defendant's *pro se* motion for new trial." [Id.].

On January 13, 2015, Brewer filed a number of documents with the Court. First, he filed a motion to obtain the recordings of telephone conversations the Defendant made while held at the McDowell County, North Carolina, jail. [Doc. 74]. Second, he filed various "Submissions" which consisted of documents obtained from the U.S. Attorney's office [Doc. 75-1], a four page email from AUSA Edwards to Brewer [Doc. 75-2], and an affidavit of the Defendant dated January 13, 2015. [Doc. 75-3]. Third, Brewer filed a motion to stay the Court's consideration of Defendant's new trial motion. [Doc. 77]. Finally, Brewer filed a "Preliminary Memorandum in Support of Defendant's Motion for New Trial." [Doc. 78]. In the Preliminary Memorandum, Brewer asserted for the first time that Defendant's trial counsel may have breached his professional obligations to the Defendant by failing to advise the Defendant of a plea offer tendered by the Government prior to the Defendant's first trial. [Id. at 2]. Further, the Preliminary Memorandum alleged that Defendant's trial counsel also failed to advise Defendant, prior to his first trial, that he might satisfy the requirements of 18

U.S.C. § 924(e)(1) to be sentenced as an Armed Career Criminal upon conviction following a guilty plea or jury verdict. [Id. at 3]. Due to these allegations of ineffectiveness on the part of Defendant's trial attorneys, Brewer asked that the Court stay its consideration of the Defendant's new trial motion pending the Defendant's sentencing to see whether the Defendant met the criteria for being sentenced as an Armed Career Criminal. [Docs. 77 at 1; 78 at 3].

The Court granted in part Brewer's motion to obtain the telephone recordings from the McDowell County Sheriff's department. [Doc. 81]. Additionally, the Court temporarily stayed its consideration of the Defendant's new trial motion. [Doc. 80]. The Court directed that the Defendant file his Final Memorandum in support Defendant's motion for new trial within fourteen days following the disclosure of Defendant's Presentence Report by the Probation Office. [Id. at 6].

The Defendant's draft Presentence Report was filed on March 4, 2015.[2] [Doc. 82]. On that same day, Brewer filed a motion to secure the time records of Defendant's trial counsel [Doc. 83], which the Court denied. [Doc. 84]. On March 30, 2015, Brewer filed a motion to "Contract for Support

---

[2] The Probation Officer who completed both the Defendant's Draft PSR and Final PSR opined that the Defendant met the statutory requirements for sentencing under the Armed Career Criminal Act. [Docs. 82 at ¶24, 97 at ¶24].

Personnel" which requested funding to hire a person to listen to the approximately 1000 calls recorded by the McDowell County Sheriff's department involving the Defendant while he was detained at that county's jail. [Doc. 87]. The Defendant did not file a Final Memorandum in support of his motion for new trial within fourteen days following the disclosure of his Presentence Report as directed.

In lieu of addressing by written order the Defendant's pending motions and his failure to file a Final Memorandum, the Court scheduled a status hearing for May 19, 2015. [Doc. 88]. At the conclusion of the status hearing, the Court directed the parties to brief three issues related to the Defendant's new trial motion:

> Number one, whether the Court has the jurisdiction to even entertain this motion. Number two, assuming that there is jurisdiction, and assuming that the defendant has articulated a violation of Missouri versus Fry[e], is there any relief that is cognizable under Rule 33 for a violation of Missouri versus Fry[e] as opposed to the matter coming before the Court in the form of a 2255? Thirdly . . . is the defendant in fact properly addressed as an Armed Career Criminal as set out in the presentence report?

[Transcript of Hearing, Doc. 102 at 32].

The parties filed their Court-ordered memoranda July 6, 2015. [Docs. 104 and 105]. Thereafter, each party filed a response to the other's

6

Memorandum [Docs. 107 and 108], and the matter is now ripe for determination.

## **DISCUSSION**

Federal Rule of Criminal Procedure 33(a) provides, in pertinent part, that upon motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Defendant contends he is entitled to relief from the jury's verdict following his second trial, arguing that trial counsel was ineffective. Under certain limited circumstances claims of ineffectiveness of counsel can be raised by way of a motion for new trial. United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000).

The Defendant asserts three related bases in support of a claim that his trial counsel was ineffective in representing him. First, the Defendant asserts that trial counsel was ineffective before his first trial by not conveying to him the existence or the substance of the Government's formal plea offer emailed to trial counsel on October 17, 2013. [Doc. 78 at 2]. Second, the Defendant asserts that trial counsel was ineffective following his first trial by giving him faulty advice that: (1) he could have faced a possible sentence of 64-76 months under the Guidelines if he pled guilty, reduced by acceptance of responsibility and timeliness of plea to 46 months, but (2) he could not

plead guilty and receive such a sentence because the plea deadline had passed. [Doc. 75-3 at 3]. Third, the Defendant asserts that trial counsel was ineffective immediately prior to his second trial by giving him faulty advice that he would "get 15 years," under the Armed Career Criminal Act, regardless of whether he pled guilty or was found guilty by the jury. [Id. at 4]. With these ineffectiveness claims in mind, the Court turns to the analysis of the three issues it asked the parties to brief following the May 19, 2015, hearing.

Succinctly stated, the Court asked the parties to brief the issues of: (1) whether the Court has the jurisdiction to entertain Defendant's new trial motion (i.e., whether the Defendant's *pro se* filings can be deemed a timely filed motion for new trial); (2) if there is such jurisdiction, whether any relief Defendant seeks for his ineffectiveness claims is cognizable under a Rule 33 motion as opposed to a 28 U.S.C. § 2255 petition; and (3) whether the Defendant is properly classified as an Armed Career Criminal as set out in his PSR.[3]

As to the first question, Rule 33 is not "jurisdictional". The Court retains jurisdiction over the matter until the judgment is entered. Eberhart v. United

---

[3] The third issue identified by the Court regarding the applicability of the ACCA will be resolved at the Defendant's upcoming sentencing hearing.

States, 546 U.S. 12, 18-19 (2005). Rule 33 is, however, a rigid "claim-processing" rule. Id. at 15. Since Defendant does not raise any issue of newly discovered evidence, his motion must have been filed within fourteen days of the jury's verdict. Rule 33(b)(2). Otherwise, the Court may not "process" the claim.

Here, the Defendant submitted two rambling pro se documents while represented by counsel. The first was sent to the AUSA who prosecuted the case, in the form of a letter. It was submitted twelve days after the jury returned its verdict following Defendant's second trial. Defendant's second hand-written pro se document was filed six months later. In order to present the claim of ineffective assistance regarding possible pleas Defendant must either have raised this in his initial letter or the subsequent document raising the issue must relate back to that initial letter.

All of Defendant's claims pertain to his alleged lost opportunities to plead guilty. Boiled to their essence, the Defendant claims that his counsel was constitutionally deficient because Defendant was not properly advised of a possible plea offer in violation of Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012). In his March 16, 2014, filing, Defendant does not mention this claim, or even assert ineffective assistance in any form. He simply attempts to reargue his case to the prosecutor. [Doc.

9

39]. The September 16, 2014, filing asserts ineffective assistance and expressly seeks a new trial, but these issues are distinct from those set out in the first document. [Doc. 46]. As such, the second filing cannot relate back for timeliness purposes.[4] United States v. Jones, 45 F.App'x. 271, 272 (4th Cir. 2002) (unpublished). Moreover, Defendant's Lafler claim was not articulated until counsel filed his "Preliminary Memorandum" on January 13, 2015, ten months after the original letter. [Doc. 78]. For these reasons, the Court finds Defendant's request for a new trial based on ineffective assistance of counsel to be untimely.[5]

Even if Defendant's request were timely, however, the Court could not presently grant the relief sought. The Defendant seeks relief due to the alleged ineffective assistance of his trial counsel. The common theme running through each of Defendant's ineffectiveness claims is the notion that, had Defendant's trial counsel promptly investigated the Defendant's criminal history and promptly reviewed with the Defendant the Government's October

---

[4] The Court's Order of November 14, 2014, [Doc. 61], holds that the September 16 filing constitutes an amendment to Defendant's original letter, and states that it should relate back to that letter. On careful review, that conclusion was erroneous as there is an insufficient connection between the claims raised in these two documents. Moreover, the September 16 filing does not raise the Defendant's Lafler claim that is now the basis for the relief he seeks. That was raised later by counsel.

[5] This is not to say that the Defendant is foreclosed from pursuing his claims of ineffective assistance of counsel in the normal course under 28 U.S.C. § 2255.

17, 2013, plea offer, the Defendant would never have exercised his right to a jury trial. On the contrary, the Defendant contends he would have then known that he had the requisite past convictions to be sentenced as an Armed Career Criminal and would have sought to enter a plea. With such historical information at hand, the Defendant alleges through counsel, he first would have pursued a plea to the stolen firearm charge asserted in Count One and avoided the effects of the Armed Career Criminal Act altogether. [Doc. 105 at 19]. Or, the Defendant argues, if that strategy were thwarted by the Government as it insists it would have done [Doc. 107 at 8], at the very least the Defendant would have entered a timely plea to the felon in possession charge asserted in Count Two and received a full three level reduction for acceptance of responsibility under the Guidelines. [Doc. 105 at 20]. Regardless of whether the Defendant is ultimately entitled to relief (an issue the Court need not reach at this time), the relief Defendant seeks under Lafler and Frye, is to turn back the hands of time to the pretrial plea negotiation period. Lafler, 132 S. Ct. at 1388-89; Frye, 132 S. Ct. at 1409-10. In short, the Defendant seeks plea bargaining relief not available under Rule 33. The Fourth Circuit's Russell decision illustrates this point well.

In Russell, the Fourth Circuit addressed the merits of an ineffective assistance of trial counsel claim brought under the auspices of a Rule 33

motion for new trial. Russell, an inmate at the Lorton Reformatory in Virginia, was charged with possessing heroin with the intent to deliver it. Russell, 221 F.3d at 617. Prison guards found 24 paper packets of heroin concealed within a fence pole of the enclosed recreation yard for Dormitory 22 where Russell was housed. Fingerprint analysis of the paper packets revealed several fingerprints, most of which were unidentifiable. However, ten identifiable latent prints on seven of the twenty-four paper heroin packets belonged to Russell. Id.

Russell proceeded to trial and testified on his own behalf. As set forth in the Court of Appeals decision:

> Russell explained that he often made picture frames and artwork to trade with other inmates from materials similar to the paper used to package the heroin. In order to make these frames and artwork, Russell testified that he would tear "a hundred sheets" of paper into small squares, and then fold and link the different pieces together to form a frame. Russell typically made these frames in a room open to other residents of Dormitory 22. When he finished, he would simply discard the unused pieces of paper in a nearby trash can.
>
> Agent Massey conceded in his testimony that he could not determine when Russell's fingerprints had been placed on the paper pieces. Additionally, Massey acknowledged that it was possible that Russell's fingerprints would have remained on the paper pieces, even if used by someone else to wrap the heroin after Russell had handled them.

Russell, 221 F.3d at 619 (footnote omitted).

Prior to trial, the Government notified Russell's attorney that it intended to introduce three past felony convictions sustained by Russell for purposes of impeachment in the event Russell elected to testify. Russell explained to his attorney at the time that two of his three felonies had been "overturned." Nevertheless, Russell's trial counsel failed to investigate his client's assertion (which was correct) concerning his record and the Government impeached Russell with the three felonies. The jury convicted Russell and Russell thereafter filed a motion for new trial predicated upon his attorney's ineffectiveness in failing to investigate his past record. The district court denied Russell's motion.

On appeal, the Fourth Circuit noted the "very thin" evidence supporting Russell's conviction. Id. at 618. According to the panel, "[i]f the jury had found Russell's explanation plausible and had credited his testimony, the Government's case would have undoubtedly failed. However, Russell's credibility was all but destroyed when he was mistakenly impeached on the basis of three felony convictions — two of which had been vacated before trial." Id. at 619. Finding ineffective assistance of counsel "conclusively appear[ing]" on the record before it, and finding that trial counsel's failure to verify the accuracy of Russell's convictions fell below an objective standard of reasonableness, the Fourth Circuit concluded that the interests of justice

demanded Russell receive a new trial based on competent evidence. It therefore vacated Russell's conviction, reversed the district court's denial of his Rule 33 motion, and remanded the case for retrial.   Id. at 623.

As can be seen, Russell's counsel was ineffective in allowing his client to be cross-examined with improper evidence when counsel should have been aware of the impropriety.  Counsel's error completely undermined Russell's defense in a case where the government's evidence was weak. The *trial* had been polluted with an error by counsel of constitutional proportions thus permitting the trial judge, according to the Fourth Circuit, to grant Russell a new trial for such ineffective assistance.

In the present matter, the Defendant's ineffective assistance of counsel claim does not pertain to his attorneys' performance during trial or how the trial was conducted.  He asserts a Lafler violation before trial began.  As the Court held in Lafler, "prejudice can be shown if a loss of the plea opportunity led to a trial resulting in a conviction on a more serious charge or the imposition of a more severe sentence."  132 S. Ct. at 1387.  Defendant's claim, if sustained, would provide relief in the form of a plea resulting in a less severe sentence and not a retrial at all. That determination can only be made, however, after the imposition of sentence which has yet to occur in this matter.  As such, Defendant's Lafler ineffective assistance of counsel

claim is not cognizable on a Rule 33 motion – even if Defendant had properly and timely raised it. For this reason, the Defendant's motion for new trial under Rule 33 must be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for New Trial [Docs. 39 (sealed) and 46] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to File a Document Addressing Government's Response or Alternatively Motion for Additional Hearing [Doc. 110] is **DENIED as moot**.

**IT IS SO ORDERED.**

Signed: November 5, 2015

Martin Reidinger
United States District Judge