# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00057-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BRANDON LEON WILSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 142], which the Court construes as a motion for jail credit.

The Defendant was sentenced on April 19, 2016, to a term of 70 months' imprisonment. [Doc. 126]. In the Judgment, the Court made the following recommendation to the Bureau of Prisons (BOP):

> The defendant spent from 2/5/2013 to 9/13/2013 in state custody as a result of the offense for which sentence is imposed herein. This information is provided for the purpose of allowing the defendant such credit as he is entitled pursuant to 18 USC § 3585.

[Id. at 2]. The Defendant appealed his sentence and conviction, but moved to voluntarily dismiss his appeal on January 19, 2017. [Doc. 141]. Thereafter, the Defendant filed the present motion, asking Court to amend

the Judgment to reflect how his time in state custody should be credited. [Doc. 142]. As noted above, the Court already has already stated in the current Judgment how the Court believes the credit should be applied. [Doc. 126]. In any event, however, it is the Attorney General, not the sentencing court, who is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 142], which the Court construes as a motion for jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 14, 2017

Martin Reidinger
United States District Judge