# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00057-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRANDON LEON WILSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter [Doc. 144] requesting evidence of a "federal hold" and the Defendant's letter [Doc. 145], asking the Court to recommend that the Defendant's term of supervised release be served in the Middle District of North Carolina.

In his first letter, the Defendant states that he is "pretty sure that a federal hold was placed on [him]" while he was in state custody but prior to the filing of the indictment in the present criminal case. The Defendant requests evidence of this "federal hold" so that he may file a motion with this Court to award him sentencing credit for the time he spent in state custody. [Doc. 144].

As the Court previously explained in its Order of March 14, 2017 [Doc. 143], the Attorney General is responsible for computing a prisoner's sentence credit. Thus, the Defendant must first seek administrative review of that computation through the Bureau of Prisons. Once such administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement. [Id.]. In any event, the Court notes that the docket contains no record of any sort of hold or detainer filed against the Defendant prior to the filing of the Bill of Indictment on August 20, 2013. Accordingly, the Defendant's request for evidence of a "federal hold" filed against him is denied.

In his second letter, the Defendant requests that the Court recommend to the BOP that his term of supervised release should be served in the Middle District of North Carolina. [Doc. 85].

The Defendant is currently incarcerated and serving a 70-month term. According to the Bureau of Prisons, the Defendant's current projected release date is July 2018. The Defendant has not yet been released to a halfway house and thus his term of supervision has not commenced. Accordingly, his request for a recommendation related to his term of supervised release is premature. If and when the Defendant is placed in a

halfway house, the Defendant may ask his supervising probation officer to request a transfer of jurisdiction by the Court.

**IT IS, THEREFORE, ORDERED** that the Defendant's letters [Docs. 144, 145], which the Court construes as motions, are **DENIED**.

The Clerk of Court is respectfully directed to provide a copy of the docket sheet to the Defendant along with this Order.

**IT IS SO ORDERED.**   Signed: May 31, 2017

Martin Reidinger
United States District Judge