IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 57

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BRANDON LEON WILSON | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's notice of insanity defense pursuant to Rule 12.2 (Doc. 157), Defendant's Motion for Determination of Mental Competency (Doc. 158) ("Motion"), and a supplement to the Motion (Doc. 159).

## I.     Competency Hearing

In the Motion, Defendant requests that the Court determine Defendant's competency to stand trial and, in connection with that determination, order a psychiatric or psychological examination of Defendant.

18 U.S.C. § 4241 provides, in part, as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect

> rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

That is, a competency hearing is required where "there is reasonable cause" to believe the defendant's competency may be in question. <u>Id</u>. A psychiatric or psychological examination of the defendant may also be ordered. 18 U.S.C. § 4241(b).

Here, it is not sufficiently clear from the current record that Defendant "may presently be suffering from a mental disease or defect" that would impact his competency. Various medical and psychological records have been provided in support of the Motion. Those records, however, are from late 2018. The Motion indicates that defense counsel has been attempting to obtain additional records and that defense counsel will provide those materials when they are received. To date, however, the additional records have not been produced and no other information has provided concerning Defendant's current condition.

The record indicates only that the Government does not object to the filing of a motion for determination of mental competency, but its view of Defendant's mental status is otherwise unknown.

The undersigned, therefore, is not persuaded that a competency hearing or an evaluation should be ordered at this time. <u>See e.g.</u>, <u>United States v.</u>

<u>Leach</u>, 231 F. Supp. 544 (D.D.C 1964), aff'd, 353 F.2d 451 (D.C. Cir. 1965)(referral for psychiatric examination requires "some evidence of a mental disorder at the time the request was made").

However, as the record does indicate that Defendant has struggled with mental health issues in the past, the parties will be given an opportunity to supplement their positions, including with the additional medical records defense counsel has requested.

## II.    Notice of Insanity Defense

As mentioned, defense counsel has also filed a notice advising that Defendant intends to assert a defense of insanity and present expert evidence of a mental condition. The notice further states that Defendant is willing to submit to a mental examination under Rule 12.2(c) of the Federal Rules of Criminal Procedure. (Doc. 157).

Pursuant to 18 U.S.C. § 4242 (a), when a defendant files a notice under Rule 12.2 that he or she intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order a psychiatric or psychological examination of the defendant.

Here, the Government has not filed such a motion and otherwise has not taken a position as to whether an insanity defense would be available to Defendant, who is facing a petition and addendum charging him with violations of the terms and conditions of his supervised release. <u>See e.g.</u>, <u>United</u>

States v. Ward, No. 1:11CR42-MHT, 2014 WL 1492858, at *3 (M.D. Ala. Apr. 16, 2014) ("There is currently some uncertainty about whether the insanity defense is available in the context of a supervised-release revocation") (citing United States v. Mueller, 116 F.3d 1483 (7th Cir.1997) (unpublished) (noting the uncertainty and declining to reach the question) and United States v. Brown, 899 F.2d 189 (2d Cir.1990) (finding the insanity defense unavailable in a probation revocation hearing, relying in part on the nature of probation as an alternative to incarceration)).

Accordingly, the parties are **DIRECTED** to make, by April 17, 2020, supplemental filings regarding their positions concerning whether there is reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent" and whether psychiatric or psychological examinations of Defendant should be conducted pursuant 18 U.S.C. § 4241(b) and/or 4242(a). The parties' filings should also include their positions on whether a hearing is required by law or otherwise should be held with regard to these matters.

A ruling on Defendant's Motion for Determination of Mental Competency

(Doc. 158) is **DEFERRED** pending receipt of the additional information

described above.

It is so ordered.

Signed: April 3, 2020

W. Carleton Metcalf
United States Magistrate Judge