IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 57

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BRANDON LEON WILSON | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Modify Order (Doc. 167) ("Motion to Modify").

I. Relevant Background[1]

On December 11, 2018, a Petition was filed alleging that Defendant had committed four (4) violations of the terms of his supervised release. (Doc. 147). An Addendum to the Petition was filed on July 19, 2019, charging Defendant with three (3) new law violations. (Doc. 148).

Defendant was arrested on October 16, 2019 and made an initial appearance the same day.

During proceedings on October 18, 2019, Defendant waived a preliminary revocation hearing and consented to detention.

---

[1] Additional background information appears in that Order filed on April 24, 2020 (Doc. 164).

1

On January 1, 2020, Defendant moved to continue his final revocation hearing. (Doc. 156).

On March 26, 2020, Defendant filed a Notice of Insanity Defense (Doc. 157) and a Motion for Determination of Mental Competency (Doc. 158 & 159) requesting that the Court determine Defendant's competency "to stand trial" and, in connection with that determination, order a psychiatric or psychological examination of Defendant.

On April 6, 2020, the parties were directed to make supplemental filings regarding their positions concerning whether there was reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent" and whether psychiatric or psychological examinations of Defendant should be conducted pursuant 18 U.S.C. § 4241(b) and/or 4242(a). (Doc. 160).

The parties responded on April 16 and April 17. (Docs. 161, 162, 163). Defendant did not request any change to his custodial status or ask that his competency evaluation be conducted on an outpatient basis.

By Order entered on April 24, 2020, Defendant's Motion for Determination of Mental Competency was granted and Defendant was committed to the custody of the Attorney General for placement in a suitable mental health facility where a competency evaluation could be performed. ("April 24 Order," Doc. 164).

On May 6, 2020, Defendant submitted a pro se "Letter of Consideration" (Doc. 165) which requested that the April 24 Order be amended so that he may be evaluated on an out-patient basis. The Court construed the letter as a pro se motion and denied it without prejudice to the filing by defense counsel of any similar motion, if appropriate. (Doc. 166).

On May 15, 2020, Defendant's Motion to Modify was filed. The Motion incorporates Defendant's letter and states that Defendant "expresses serious concern as to his being exposed to COVID-19 by being removed from the Swain County Jail" and "feels that being sent away for an examination would be detrimental to his health and well being." (Doc. 167) at 1. Defendant requests, therefore, that his competency evaluation be conducted on an outpatient basis.

On May 22, 2020, the Government responded in opposition, citing the lack of explanation "as to how such an examination would be conducted, who the expert or experts would be who could conduct the examination, how the expert(s) would be paid, or how feasible and reliable a non-custodial mental examination would be." (Doc. 168) at 1. The Government also argued that "a custodial examination is reasonably necessary to assure the defendant's presence at future court hearings and to protect other governmental interests. The defendant's history and performance on supervision indicate that a custodial examination is warranted." Id. at 3.

3

## II. Discussion

As an initial matter, Defendant's request appears somewhat inconsistent. On one hand, "he expresses serious concern as to his being exposed to COVID-19 by being removed from the Swain County Jail where there has been no COVID – 19 exposure to date, " yet at the same time "requests that the mental examination be conducted on an out patient basis with conditions of home confinement and drug screens, etc.." (Doc. 167) at 1.

More substantively, a request for an outpatient competency examination can be considered in appropriate circumstances; the language of 18 U.S.C. § 4247 does not mandate that competency examinations take place in a custodial setting. See 18 U.S.C. § 4247(b) ("For the purposes of an examination pursuant to an order under section 4241 … the court may commit the person to be examined . . . to the custody of the Attorney General for placement in a suitable facility.").

However, and while "[t]he statute does not articulate a standard for determining under what circumstances a custodial examination is appropriate," United States v. Song, 530 F. App'x 255, 259 (4th Cir. 2013) (unpublished), Defendant's Motion to Modify raises numerous new issues, including (1) whether Defendant's release from custody would be appropriate generally, (2) whether a qualified expert is available to conduct Defendant's

4

competency examination on an outpatient basis, and (3) which party would bear the financial burden of an outpatient examination.

As noted above, Defendant consented to detention in October 2019. He did not request a detention hearing subsequently or raise any of the other issues now implicated by his Motion to Modify when his Motion for Determination of Mental Competency was made or prior to the entry of the April 24 Order.

Still another, and more practical, issue exists – the question of Defendant's current location and whether an amendment to the April 24 Order would be feasible if the Court were inclined to allow it. Neither party has addressed this point but the undersigned has been advised that on May 15, 2020 (the date on which Defendant's Motion to Modify was filed) Defendant was removed from the Swain County Jail to be transported to a Federal Bureau of Prisons facility as directed by the April 24 Order and further that he has been housed in such a facility in another state since May 21, 2020.

Under these circumstances, to the extent Defendant requests that he be allowed to remain in the Swain County Jail, such a request is moot. Further, the undersigned does not find that Defendant has made a showing sufficient to justify an amendment to the April 24 Order and Defendant's removal from the facility where his evaluation may already be underway.

Accordingly, Defendant's Motion to Modify Order (Doc. 167) is **DENIED**. In addition, the Clerk is respectfully directed to **UNSEAL** that Order filed on May 12, 2020 (Doc. 166), as the undersigned determines it was improvidently sealed.

It is so ordered.

Signed: May 28, 2020

W. Carleton Metcalf
United States Magistrate Judge