IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 57

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BRANDON LEON WILSON | ) | |
| _____ | ) | |

This matter is before the Court regarding the issue of Defendant's Competency.

I. Relevant Background[1]

On December 11, 2018, a Petition was filed alleging that Defendant had committed four (4) violations of the terms of his supervised release. Doc. 147. An Addendum to the Petition was filed on July 19, 2019, charging Defendant with three (3) new law violations. Doc. 148.

Defendant was arrested on October 16, 2019 and made an initial appearance the same day.

During proceedings on October 18, 2019, Defendant waived a preliminary revocation hearing and consented to detention.

---

[1] Additional background information appears in an Order filed on April 24, 2020. Doc. 164.

1

On March 26, 2020, Defendant filed a Notice of Insanity Defense (Doc. 157) and a Motion for Determination of Mental Competency (Doc. 158 & 159) requesting that the Court determine Defendant's competency and, in connection with that determination, order a psychiatric or psychological examination of Defendant.

On April 6, 2020, the parties were directed to make supplemental filings regarding their positions concerning whether there was reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent" and whether psychiatric or psychological examinations of Defendant should be conducted pursuant 18 U.S.C. § 4241(b) and/or 4242(a). Doc. 160.

The parties responded on April 16 and April 17. Docs. 162 & 163.

By Order entered on April 24, 2020 (the "April 24 Order," Doc. 164), Defendant's Motion for Determination of Mental Competency was granted, and Defendant was committed to the custody of the Attorney General for placement in a suitable mental health facility for evaluation to determine whether he was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant's request for a criminal responsibility examination was denied without prejudice.

Defendant's subsequent Motion to Modify (Doc. 167) requesting that the April 24 Order be amended so that Defendant be evaluated on an out-patient basis was denied on May 28, 2020. Doc. 169.

On August 13, 2020, a Forensic Evaluation ("Evaluation") was filed. Doc. 173.

## II. Findings and Order

A competency hearing was held by the undersigned on August 19, 2020. Assistant United States Attorney Daniel Bradley appeared for the Government and attorney Charles Brewer appeared with Defendant.

In the Evaluation, Forensic Psychologist Carmen J. Rodriguez, Pys.D., opines that Defendant "does not currently suffer from the symptoms of an active mental illness or defect that would interfere with his competency to proceed" and that Defendant's "degree of trial competency is satisfactory." Doc. 163, p. 12. Consequently, Dr. Rodriguez recommends "that [Defendant] be found competent to stand trial." Id.

At the hearing, the Government urged the Court to endorse the conclusions of the examiner and to find Defendant competent to proceed. Defendant did not offer any evidence and did not contest the findings in the Evaluation.

Having carefully reviewed the Evaluation and considered the positions of the parties, the undersigned finds the conclusions in the Evaluation to be

3

persuasive, endorses those conclusions, and concludes that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Therefore. Defendant is **DEEMED COMPETENT** to participate in further proceedings in this matter.

Signed: August 19, 2020

W. Carleton Metcalf
United States Magistrate Judge