IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 57

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BRANDON LEON WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on April 5, 2021 for a preliminary revocation hearing and a hearing on the Government's motion for detention. The Government was represented by Special Assistant United States Attorney Alexis Solheim. Defense counsel Charles Brewer appeared with Defendant. Also present was United States Probation Officer Jackie Anderson.

On December 18, 2020, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. (Doc. 179).

On March 19, 2021, Defendant made his initial appearance. During that hearing, he moved for the appointment of counsel and his request was allowed. In addition, the Government moved for detention. Preliminary revocation and detention hearings were scheduled for March 24, 2021.

On March 22, 2021, Mr. Brewer was appointed to represent Defendant.

On March 24, 2021, the United States Probation Office filed an Addendum (Doc. 182) to the Petition, which indicated that the purpose of the document was to amend the Guideline Provisions section of the Petition.

Also on March 24, 2021, defense counsel filed a motion to continue the hearings scheduled for that day. The motion was considered in open court and, without objection by the Government, the hearings were rescheduled to April 5, 2021.

On April 5, 2021, after the case was called, Defendant raised his hand and indicated he wished to speak. The Court directed him to confer with his counsel. Shortly thereafter, Mr. Brewer advised that Defendant did not wish to be represented by Mr. Brewer and therefore Mr. Brewer made an oral motion to withdraw. As it did not appear that Defendant and Mr. Brewer had discussed the dispute fully, a recess was taken and they were instructed to confer.

When the proceedings reconvened, Mr. Brewer confirmed that Defendant wished for him to withdraw. Mr. Brewer then described the basis for his oral motion as being a dispute over Mr. Brewer's preparation for Defendant's detention hearing and his related recommendation. The courtroom and the record were then sealed, and the undersigned in a closed proceeding inquired of Defendant and Mr. Brewer regarding the nature of their disagreements.[1] During this discussion, Defendant stated that he wanted to represent himself going forward in this matter.

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

Subsequently, the courtroom and the record were unsealed. In view of Defendant's request to represent himself, the undersigned advised Defendant of the hazards and disadvantages of self-representation. During that colloquy, Defendant stated that he did not understand the maximum possible penalties he is facing if found guilty of the alleged supervised release violations, as those penalties are described in the Addendum. The Court then inquired of the Government which asked that Probation Officer Anderson, who had authored the Petition and the Addendum, be allowed explain the penalties, which involve the application of some 314 days of overserved time in the context of the sentencing guidelines. Officer Anderson was allowed to address the Court, without objection, for this purpose. Following her presentation, and the undersigned's attempt to summarize it for Defendant, Defendant continued to indicate he was unable to understand the maximum possible penalties.

The Government did not take a position with regard to Mr. Brewer's Oral Motion to Withdraw.

From the record, and as confirmed by Mr. Brewer and Defendant, Mr. Brewer represented Defendant in his underlying case as well as in connection with his previous supervised release violations. It appears that their current conflict has arisen due to disagreements with regard to Mr. Brewer's preparation for Defendant's detention hearing and the position to be taken by Defendant concerning pretrial release.

Notwithstanding their history of working together, and the brief and isolated nature of the dispute now between them, having heard from Mr. Brewer and Defendant and having observed their interactions in open court, it appears that they are, unfortunately, unable to work together reasonably and adequately in this matter. Therefore, the undersigned concludes that Mr. Brewer should be allowed to withdraw from further representation of Defendant.

As for Defendant's request to be allowed to represent himself, while Defendant has such a right, a waiver of the right to be represented by counsel must be made in a knowing, intelligent, and voluntary manner. In that regard, the undersigned is unable to conclude, particularly in light of Defendant's lack of understanding of the maximum possible penalties he may be facing, that this standard has been satisfied. Defendant's request will, accordingly, be denied at this time and new counsel will be appointed for him. After consulting with new counsel, Defendant may renew his request to represent himself, as may be appropriate.

**IT IS THEREFORE ORDERED THAT**:

1. Mr. Brewer's Oral Motion to Withdraw is **ALLOWED** and Mr. Brewer is **WITHDRAWN** as counsel of record for Defendant.
2. Defendant's request to appear *pro se* and his attempted waiver of his right to be represented by counsel is **DENIED WITHOUT PREJUDICE** and the Federal Defender's Office is directed to assign new counsel for Defendant forthwith.

3. The Clerk is respectfully directed to reschedule Defendant's preliminary revocation and detention hearings promptly.

Signed: April 5, 2021

W. Carleton Metcalf
United States Magistrate Judge